# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEE MCCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:19-cv-01007-JDT-cgc |
| ) | |
| DISTRICT ATTORNEY'S GENERAL'S ) | |
| OFFICE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 7, 2019, Plaintiff James Lee McClain, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) After McClain filed the required documentation, the Court issued an order on January 23, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the Defendants as the District Attorney General's Office for the 26th Judicial District of Tennessee (the "DA's Office"); Assistant District Attorney Mike Mosely; and Assistant Public Defender Mitchell Raines.

Since the filing of the complaint, the Court has learned that McClain is a "three-strike" filer pursuant to 28 U.S.C. § 1915(g), who is barred from proceeding *in forma*

*pauperis* unless he alleges that he was in imminent danger of serious physical injury when he filed his complaint.[1] Ordinarily, if a three-strike filer did not allege imminent danger, the Court would dismiss the complaint without prejudice and advise the plaintiff that the case could be re-opened upon motion filed within twenty-eight days and accompanied by the full $400 civil filing fee. However, McClain did not disclose his restricted status to the Court. Therefore, the Court declines to set aside the PLRA fee assessment and dismiss this case without prejudice.

McClain alleges that Defendant Mosley is maliciously prosecuting him even though the state's own evidence clears him of all wrongdoing. (ECF No. 1 at 2.) He further alleges that the representation provided by Defendant Raines, his defense counsel, was ineffective because Raines failed to object to hearsay testimony provided by the sole witness for the prosecution. (*Id.* at 3.) McClain seeks dismissal of the charges against him and monetary damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] McClain previously filed *McClain v. Storey, et al.*, No. 5:15-cv-05113-TLB (W.D. Ark. Oct. 5, 2015) (dismissed as frivolous); *McClain v. Bennington, et al.*, No. 6:14-cv-01543-MO (D. Ore. Jan. 21, 2015) (dismissed for failure to state a claim); and *McClain v. Storey, et al.*, No. 5:13-cv-05245-TLB (W.D. Ark. Apr. 3, 2014) (dismissed as frivolous and for failure to state a claim).

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

McClain's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

McClain's claims against the DA's Office and any claims against Mosely in his official capacity must be construed as claims against the State of Tennessee and are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483

U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

McClain has no § 1983 claim for malicious prosecution against Mosely in his individual capacity. In order to succeed on such a claim, McClain must show the following:

> First, . . . that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, . . . that there was a lack of probable cause for the criminal prosecution. Third, . . . that, as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty . . . . Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations, internal quotation marks and brackets omitted). In this case, McClain has failed to state a claim for malicious prosecution because the criminal proceeding is ongoing; therefore, he cannot show that the prosecution was resolved in his favor.

Furthermore, even if the criminal proceedings had been resolved in McClain's favor, Defendant Mosely is entitled to absolute immunity for the actions taken in the course

5

of his duties as prosecutor. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, McClain cannot sue Defendant Mosely for money damages arising from the institution of criminal proceedings against him or from actions taken during the criminal proceeding itself.

McClain also has no § 1983 claim against Defendant Raines. Attorneys do not act under color of state law for purposes of § 1983, regardless of whether they are court appointed or privately retained. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law for purposes of § 1983); *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation.")

To the extent McClain may be asking this Court to intervene in his criminal proceeding and order the charges dismissed, the Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute

6

prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, McClain does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

For the foregoing reasons, McClain's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte

dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES McClain's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by McClain in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by McClain would not be taken in good faith. Because McClain is a restricted filer pursuant to 28 U.S.C. § 1915(g), leave to appeal *in forma pauperis* is DENIED. If McClain files an appeal he must file any motion to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE